52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Brenda Ann THOMAS, et al., Plaintiffs-Appellants,
v.
CITY OF ALLIANCE, et al., Defendants-Appellees.
 No. 94-3219.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MARTIN, RYAN, and GIBSON, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Plaintiffs Brenda Ann Thomas, Daemon Ford, Cortyco Ford, Desmon Ford, Chanel Thomas and Keenan Thomas appeal the district court's grant of summary judgment in favor of defendants: the City of Alliance, its former mayor and safety director, Francis Carr and John Benincasa respectively, and its Police Chief, James Black. Because we find that there is no genuine issue of material fact, and that appellants have failed to meet their burden under Rule 56, we AFFIRM the district court's grant of summary judgment.
 
 
 2
 This case stems from events surrounding the execution of a search warrant on February 1, 1991, at a suspected "crack house." The house had been under surveillance for some time, during which drug transactions were observed. When police officers arrived to execute the warrant, the appellants, with the exception of Keenan Thomas, were seated in a car parked in front of the house to be searched. Keenan Thomas was standing outside the car, talking to its occupants. According to the affidavit of Police Chief Black, this situation resembled a drug transaction in which buyers park in front of the house while runners approach the car to conduct the deal. With this in mind, once the house was secured, Chief Black and a detective detained the appellants to determine if a drug transaction was indeed occurring. According to Chief Black, this detention lasted no longer than necessary to determine that the occupants posed no threat to the officers executing the search and that no illegal transaction had occurred. Once this was determined, the appellants were allowed to leave. The appellants allege in their amended complaint that they were forcibly removed from the car, threatened, and addressed in a vulgar and insulting manner.
 
 
 3
 On February 14, 1991, appellants filed suit in state court alleging violations of their civil rights under both Ohio law and 42 U.S.C. Sec. 1983, as well as various state claims. After the case was removed to federal court, the City of Alliance and other defendants moved for summary judgment on October 28, 1992, claiming that the appellants' claims must fail because their detention did not violate any constitutional right. The affidavit of Chief Black was filed in support of this motion. In opposing summary judgment, the appellants made conclusory assertions that their rights had been violated and reiterated their version of events. As they do on appeal, they relied on the conflicting testimony of two police officers' depositions to show that a genuine issue of material fact exists. However, aside from attaching a copy of the amended complaint and copies of pages from the two depositions, appellants offered nothing further in opposition.
 
 
 4
 In ruling on the summary judgment motion, the district court found that defendants had shown the detention and search of the appellants was not unreasonable. Terry v. Ohio, 392 U.S. 1 (1968); United States v. Hardnett, 804 F.2d 353, 356 (6th Cir.1986). The court found that the police had specific, articulable facts indicating reasonable suspicion to detain the appellants. United States v. Roach, 958 F.2d 679, 682 (6th Cir.), cert. denied, 113 S.Ct. 135 (1992). Then, the court found further that the appellants did not support their claim that the stop was unreasonable. The court noted that "[t]heir allegations of mistreatment and injury at the hands of the police officers are wholly unsupported." Because appellants failed to show any violation of their civil rights, the court granted summary judgment for the defendants and dismissed the state law claims for lack of jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 5
 This court reviews a grant of summary judgment de novo. Moore v. Holbrook, 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All evidence is viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 6
 In reviewing this case de novo, we agree with defendants that appellants have not shown a violation of their constitutional rights. Chief Black's affidavit demonstrates that reasonable suspicion existed to conduct a Terry stop of the appellants. Once the moving party presents sufficient evidence to support its motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "nonmoving party is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). Although "[t]he nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion," Courtney v. Biosound, Inc., 42 F.3d 414, 418 (7th Cir.1994), here, no evidence other than conclusory allegations was offered to support the complaint. While the allegations in a verified complaint have the same force and effect as an affidavit in responding to a summary judgment motion, Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993), the amended complaints in this case were not verified. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324 (emphasis added).
 
 
 7
 On appeal, just as they did before the district court, appellants argue that the discrepancy between Chief Black's affidavit and Detective Anderson's deposition testimony creates a genuine issue of material fact as to whether reasonable suspicion existed to detain them. Appellants also fault the district court for not addressing Exhibits B and C attached to their opposition to the summary judgment motion. Each exhibit, however, is only one page from a deposition transcript, neither of which was filed with the district court. In this regard, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). Since Detective Anderson's deposition was not filed with the district court, it is not part of the record, and the court was prohibited under Rule 56(c) from considering it. Further, Defendants argue that Detective Anderson's testimony does include specific, articulable facts to support reasonable suspicion.
 
 
 8
 For the foregoing reasons, we AFFIRM the district court's decision granting summary judgment to the defendants.
 
 
 
 *
 The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation